UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ZAWADI, LLC                                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 3:14-CV-00333-CRS

COASTAL CLOSEOUTS, INC.                                                  DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on a motion to dismiss (DN 5) filed by Defendant Coastal Closeouts, Inc. ("Defendant") against Plaintiff Zawadi, LLC ("Plaintiff"). For the reasons set forth below, the Court will grant the motion to dismiss.

## DISCUSSION

The sole issue presented by the motion to dismiss is whether Defendant is subject to personal jurisdiction in Kentucky. According to Plaintiff, jurisdiction is proper under KRS 454.210(2)(a)(5)'s provision that:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's… [c]ausing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth…

Because Defendant allegedly breached its warranty that the goods sold to Plaintiff would be fit for the purpose for which they were intended, Plaintiff argues that Defendant is subject to personal jurisdiction under KRS 454.210(2)(a)(5).

However, as pointed out by Defendant in its reply brief, Plaintiff's argument ignores KRS 454.210(2)(a)(5)'s additional requirement that the warrantor/seller must "regularly do[] or solicit[] business, or engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed or services rendered in this Commonwealth." Because there is no allegation in either Plaintiff's Complaint or its response brief that Defendant regularly does or solicits business in Kentucky, or that Defendant derives substantial revenue from goods used or consumed or services rendered in Kentucky, the Court concludes that personal jurisdiction cannot be based on KRS 454.210(2)(a)(5). Accordingly, the Court will grant the motion to dismiss.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

July 25, 2014